Hancock-S v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-276-CR

     SHANE HANCOCK,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 00-01-25-844
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Hancock appeals from his conviction for capital murder for which he was sentenced
to life imprisonment.
      Appellant, age 15, and four others went to the house of Joe Simon Patrico to rob him of his
money. Patrico was stabbed 104 times from which wounds he died. His money was taken by the
group.
      The next morning, Appellant was arrested. The juvenile court waived its jurisdiction over
Appellant and transferred his case to the 13th District Court of Navarro County. Appellant was
subsequently indicted for capital murder.
      Appellant gave a written statement relating to the events of the robbery and murder, in which
he admitted being one of three in the group who stabbed the deceased. He filed a motion to
suppress the written statement which the trial court, after a hearing, denied. Thereafter, he was
tried and convicted of capital murder and sentenced to life in prison. Appellant's statement was
read to the jury at trial over his objection. 
      Appellant appeals on one point of error: "The trial court erred when it denied Appellant's
motion to suppress his statement."
      Specifically Appellant argues: that he gave a prior oral statement to Detective Zaidle which
did not implicate him; that he had not had much sleep; that he had no food since 4:00 p.m. the
previous day; that he did not understand his rights because he was half asleep; that he felt his
statement was given under pressure imposed by Detective Zaidle; that Detective Zaidle wrote out
his statement; that he did not understand he was under arrest, much less that he was giving a
statement which implicated him in a capital murder; and for which reasons the trial court erred
in denying the motion to suppress, and later admitting the statement at trial over his objection.
      In a hearing on a motion to suppress a statement, the trial judge is the sole and exclusive trier
of fact and the judge of the credibility of the witnesses as well as the weight to be given their
testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1993). If the court's
resolution of a controverted issue on a motion to suppress is supported by the record, a reviewing
court should not disturb the decision. Muniz v. State, 852 S.W.2d 238, 252 (Tex. Crim. App.
1993), cert. denied, 114 S.Ct. 116, 126.
      To admit a written statement, the State has the burden of proving that the defendant's rights
were explained to him and that he knowingly, intelligently, and voluntarily waived his rights. 
Miranda v. Arizona, 384 U.S. 436 (1966). The State must make a showing of waiver by a
preponderance of the evidence. Colorado v. Conelly, 479 U.S. 157 (1986). Each case is decided
on the totality of the circumstances. Watson v. State, 762 S.W.2d 592, 597 (Tex. Crim. App.
1988). Additionally, the statement must comply with Article 38.22, Texas Code of Criminal
Procedure, and in the case of a juvenile, with Section 51.09 of the Texas Family Code.
      Appellant's statement meets the criterion set out in Article 38.22 and Section 51.09 of the
Family Code. The statement is in writing and signed by Appellant. The statement shows
Appellant received all warnings required by Article 38.22 prior to making the statement. Further,
Justice of the Peace Mayfield testified that Appellant understood the rights set out in the warning. 
Appellant's statement shows that he had received the warnings contained in Section 51.09 of the
Family Code. Appellant signed the statement in front of Judge Mayfield who testified no person
other than herself was present as she read the warnings and the statement and that he signed it. 
Judge Mayfield further testified she was fully convinced that Appellant understood the nature and
contents of his statement and that he signed it voluntarily in her presence; and that she signed a
written certification that all statutory requirements for taking Appellant's statement had been met.
      Appellant was taken into custody during the early morning hours of March 11, 1995. He was
first warned by Detective Zaidle who testified that Appellant waived his rights and agreed to talk
with her. After speaking with Detective Zaidle, Appellant again agreed to waive his rights and
provide a written statement. He was then taken before Judge Mayfield about 10:30 a.m. and
Judge Mayfield read the required warnings to Appellant and asked him if he understood or had
any questions. Judge Mayfield testified that at all times, Appellant appeared alert, did not appear
tired, and that he was rocking and swiveling in his chair while she read the warnings. Further,
she did not observe anything that would suggest to her that he was tired, such as slumping in his
chair or putting his head down on the table.
      During the actual taking of the statement, Detective Zaidle testified Appellant's words flowed
freely, and that he was alert. After completing the statement, Appellant was again taken before
Judge Mayfield who again, at 12:00 o'clock, read the required warnings. As Judge Mayfield read
the statement back to him, Appellant was very exacting and specific, requesting that ten changes
be made in the three-page statement. At that time Appellant understood that he could make any
changes to the statement that he desired.
      Appellant never requested to speak to a lawyer, a probation officer, or his parents. He never
indicated that he was hungry and at all times appeared and acted alert and "unconcerned."
      Judge Mayfield gave him every opportunity to indicate he did not understand what was going
on. He gave a voluntary statement which was taken with the precautions necessary for a juvenile
statement to be admissible. The statement complies in every way with the statutory and
constitutional requirements.
      The trial judge, who heard the motion to suppress, resolved the controverted issues and his
resolution of same is supported by the record.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 15, 1996
Do not publish